IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-30022-SMY |
| | ) |
| DAVID BANUELOS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant David Banuelos was sentenced on September 22, 2021, to 240 months imprisonment on one count of Conspiracy to Distribute Cocaine and two counts of Laundering of Money Instruments (Doc. 240). Now pending before the Court is Banuelos' Motion for Appointment of Counsel and Reduction in Sentence, in which he requests compassionate release because of his wife's medical condition and her inability to be a caregiver for their children (Doc. 271). The Government responded in opposition (Doc. 276). For the following reasons, the motion is **DENIED**.

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As a threshold requirement, a defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford,* 986 F.3d 779, 780-782 (7th Cir. 2021).

Banuelos attached a single page from an Inmate Request to Staff form to his motion (Doc. 271, p. 9).  However, the document is insufficient to satisfy Banuelos' burden to establish administrative exhaustion; it does not demonstrate that he submitted his request to the warden or that the warden received it.  As the Government affirmatively invokes the exhaustion requirement, the Motion for Appointment of Counsel and Reduction in Sentence (Doc. 271) is **DENIED without prejudice**.[1]

   IT IS SO ORDERED.

   DATED:  August 17, 2023

                              *[signature]*

                              **STACI M. YANDLE**
                              **United States District Judge**

---

[1] Given Banuelos' failure to exhaust his administrative remedies, the Court does not need to consider his request for the appointment of counsel at this time.