IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-CR-30022-SMY |
| | ) |
| DAVID BANUELOS, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the court for consideration of Defendant David Banuelos' *pro se* Motion to Request Compassionate Release pursuant to the First Step Act and the Appointment of Counsel (Doc. 283). The Government responded in opposition (Doc. 286).[1]

On December 11, 2019, Banuelos was indicted by superseding indictment for conspiracy to distribute and possess with intent to distribute controlled substances and laundering of money instruments (Doc. 98). He subsequently pleaded guilty to all counts (Doc. 213) and was sentenced on September 15, 2021, to 240 months of imprisonment, a downward variance for the calculated advisory guideline range of 262 to 327 months (Docs. 236, 240).

Banuelos is currently housed at the Federal Correctional Institution in Ashland, Kentucky; his anticipated release date is April 16, 2035. He asserts that his wife suffered a stroke, was hospitalized for a lengthy time, and as a result, can no longer take care of herself, much less their minor children (Doc. 283, p. 4). He seeks compassionate release so that he may "live at a friend's

---

[1] Defendant requests the appointment of counsel to litigate his Motion. However, defendants are not entitled to counsel under the Criminal Justice Act for motions brought under 18 U.S.C. § 3582(c)(1)(A). *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Defendant's request for appointment of counsel is therefore **DENIED.**

home with his wife and children" and perform caretaking duties (Doc. 283, p. 5).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).[2] Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). See also, United States Sentencing Commission, *Amendments to the Sentencing Guidelines* (April 27, 2023) (last accessed on December 5, 2023 at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, the medical records submitted by Banuelos reflect his wife's condition during her initial hospitalization in December 2022 and January 2023 (Doc. 271). However, he has provided no medical records or other credible evidence of her current condition. As such, Banuelos fails to meet his burden to establish that she is totally incapacitated. Nor has he provided sufficient evidence that he is the only available caretaker for his wife or children.

---

[2] A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. If the BOP declines to file a motion, the defendant may file a motion on her own behalf, provided she has either exhausted administrative remedies or 30 days have elapsed since the warden at her institution received her request, whichever is earliest. Here, Banuelos exhausted his administrative remedies (Doc. 283-1, p. 3).

Moreover, even if the Court were to find that Banuelos has established extraordinary and compelling reasons for compassionate release, consideration of the 18 U.S.C. § 3553(a) factors counsel against his release. Banuelos has served approximately 10% of his sentence for his involvement in a substantial drug-trafficking operation. He has been involved in several conspiracies to traffic illegal substances, with multiple federal convictions since 1999. As such, the sentencing objectives of specific deterrence, protecting the public, and promoting a respect for the law would not be served by Banuelos' release at this time.

For the foregoing reasons, Defendant's Motion to Request Compassionate Release pursuant to the First Step Act and the Appointment of Counsel (Doc. 283) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 5, 2023**

**STACI M. YANDLE**
**United States District Judge**